## Commonwealth v. Snee

*Wray G. Zelt, Jr.*, district attorney, for Commonwealth.

*Zeman & Zeman,* for defendant.

GIBSON, P. J., January 14, 1952.—Defendant was summarily convicted of a violation of the Milk Control Law. From this conviction, an appeal was taken.

At the hearing no evidence was offered but the facts were stipulated by agreement between counsel for the parties. From this stipulation, it appears that prior to March 15, 1951, defendant was engaged in the sale of milk and was duly licensed by the Milk Control Commission. On March 15, 1951, he disposed of his milk business in its entirety, including his equipment. This was before the end of his current license year.

After March 15, 1951, defendant engaged exclusively in the manufacture of ice cream under a license issued by the Department of Agriculture of the Commonwealth of Pennsylvania.

After March 15, 1951, and continuing, defendant purchased quantities of milk from dealers both inside and outside the Commonwealth of Pennsylvania and used this milk as an ingredient in his manufacturing process. He did not apply for and was not granted a license by the Milk Control Commission.

On August 24, 1951, an information was made charging that defendant violated the Milk Control Act by buying milk from dealers for the purpose of manufacturing and processing without being duly licensed as a milk dealer during the current license year beginning May 1, 1951.

Briefs have been filed on behalf of both parties, and from our examination of the briefs and the statutes relating to this subject, we have come to the following conclusions:

1. The preamble contained in the Milk Control Act of 1937 must be read in connection with the act in determining the purposes, and reasonableness of the regulations, and proper construction to be placed on **this act.**

2. From the preamble and the act, we ascertain that the main purpose of the Milk Control Act is to insure a sufficient supply of wholesome milk which cannot be accomplished unless the high cost of maintaining sanitary conditions of production and standard of purity is returned to the producer of the milk. This justifies the Milk Control Commission in fixing the prices for milk used in manufacturing, as well as that used for human consumption: Rieck-McJunkin Dairy Company v. Milk Control Commission of Pennsylvania, 341 Pa. 153.

3. To this extent a manufacturer would be controlled or regulated by an order of the Milk Control Commission. However, there is no claim in this case that defendant purchased milk for his manufacturing purposes at a price other than that fixed by the Milk Control Commission.

4. The terms of the Milk Control Act passed in 1937, as subsequently amended, are of themselves broad enough to include all purchasers of milk to be used in the manufacture of any product in which milk or milk products are used, in the event this legislation is not modified or superseded by subsequent legislation.

5. Ice cream is a manufactured product and those engaged in its making are manufacturers. While it is made from milk, or at least milk is one of the ingredients, it is a new and different article: Rieck-McJunkin Dairy Company v. Pittsburgh School District et al., 362 Pa. 13.

6. The legislature, by the Act of May 20, 1949, P. L. 1594, enacted comprehensive legislation providing for the protection of the public health, the prevention of fraud and deception in the manufacture, sale, etc., of ice cream, and provided for the licensing of persons engaging in such manufacture by the Department of Agriculture, and provided for penalties and enforcement of this act. By these provisions in detail the

legislature provides for manufacture of ice cream from milk and various milk products, and provides for the inspection and licensing of plants for such manufacture.

7. By this act, section 6(c), it is provided that upon approval of application for registration and license and payment of the required license fee, and also approval of sanitary conditions in the ice cream plant, the Department of Agriculture shall issue to each applicant a license or certificate of registration which shall expire at the end of each calendar year *and which will authorize the operation of said plant for the calendar year or portion thereof for which a license or certificate of registration shall be issued.* (Italics supplied.)

8. It is not conceivable that the legislature intended (when it did not so expressly provide) to authorize one department to license and regulate an industry which was not permitted to secure the raw material for such manufacture except by consent of some other State commission or that there was intended to be duplicate supervision of the quality of products or sanitation or healthfulness of conditions.

9. So far as the manufacture of ice cream is concerned and the materials necessarily used in such manufacture, the provisions of the Act of May 20, 1949, P. L. 1594, supersede previous legislative provisions relating to that product and the necessary materials required for its manufacture, and the license issued by the Department of Agriculture to defendant is sufficient authorization for the operation of his plant during the term of such license.

And now, January 14, 1952, it is ordered that the summary conviction of Roland Snee before Alderman I. E. Goodridge be reversed and set aside at the cost of the prosecutor.